UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JOSE DELEON and MANUEL PARA,

                      Plaintiffs,

      -against-

THE CITY OF NEW YORK, DAVID KANTOR,
SGT. JORGE CARVAJAL, ELVIN PICHARDO,
ELVIS DELACRUZ, JOHN AND JANE DOES 1-5

                 Defendants.
-------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

Jury Trial

15 CV 2738 (PAC) (RLE)

Plaintiffs JOSE DELEON and MANUEL PARA (hereinafter "Plaintiff") by and through their attorneys, Vik Pawar, Esq., and Robert Blossner, Esq. respectfully allege as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of their civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

### JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §§1981, 1983, and 1988, and the Fourth and Fourteenth Amendments to the United States and New York Constitutions.

3. Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

7. Plaintiffs are citizens of the United States, and at all relevant time resident in the County of New York, State of New York.

8. Defendant City of New York is a municipality formed within the laws and constitution of the State of New York.

9. The individual Defendants are officers with the NYPD at the time when plaintiff's claims arose. They are sued in their individual, supervisory and official capacities.

## FACTS

10. On April 26, 2012, individual Defendants Kantor, Carvajal and John Does 1-5 barged into an apartment located at 40 Sherman Avenue, New York, New York.

11. Defendants ransacked the apartment and did not inform either of the occupant whether they had a search warrant or what they were looking for.

12. After finding nothing inside the apartment, defendants began transporting plaintiff Para to the local precinct.

13. Plaintiff DeLeon who was not inside the apartment when the defendants ransacked it, was unlawfully arrested while he was on the street walking towards his home.

14. Both plaintiffs were taken to the local precinct and strip-searched.

15. Both plaintiffs spent over 24 hours in jail before they were released after the DA refused to file formal charges against them.

16. On August 28, 2014, plaintiff DeLeon was arrested on the street for allegedly making a sale to a "female". Plaintiff's arrest was based on an alleged "sale observation" by defendant Elvis Delacruz. Defendant Pichardo who knew plaintiff had committed no crime, arrested him anyway.

17. On August 28, 2014, around 1 p.m., plaintiff DeLeon was transported to the 34th precinct for the crime of alleged sale of controlled substances.

18. Plaintiff DeLeon was strip searched and held for 30 hours before he was reclased on bail.

19. All charges against DeLeon were dismissed in December 2014.

## AS AND FOR A FIRST CAUSE OF ACTION
(Excessive use of force/false arrest-Fourth Amendment)

20. Plaintiffs repeat, reiterate, and reallege each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

21. Defendants had no reason to search plaintiffs' apartment or arrest them.

22. Yet, both Plaintiffs were yanked, thrown and arrested on false charges.

23. Defendants assaulted them and falsely arrested them on fabricated charges that they had made an alleged sale to a "CI" some nine months prior to the search.

24.   As a result of the aforementioned conduct of Defendants, Plaintiffs' constitutional right to be under the Fourth and Fourteenth Amendments were violated.

### AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under 14th Amendment-Due Process/Mal.Pros.)

25.   Plaintiffs repeat, reiterate, and reallege each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

26.   The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

27.   Defendants initiated false and baseless proceedings against both plaintiffs.

28.   Defendants knew that if they forwarded the false and unreliable information to the DA's office, plaintiffs would be prosecuted.

29.   Yet defendants never retracted their false paperwork and continued the prosecution based on malice.

30.   The proceedings were terminated in plaintiffs' favor.

31.   As a result of the foregoing, Plaintiffs were deprived of their rights secured under the Constitution.

### AS AND FOR A THIRD CAUSE OF ACTION
(Denial of Right to Fair Trial)

32.   Plaintiffs repeat, reiterate, and reallege each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

33. Defendants had no probable cause to request a search warrant to search plaintiffs' apartment.

34. Defendants relied on false information provided by an alleged "CI" who is unreliable and untrustworthy to obtain permission to search the apartment.

35. The sole reason to search the apartment was due to an alleged sale to the "CI."

36. Defendants found nothing illegal in the apartment.

37. Yet they fabricated the charges against both plaintiffs, detained and strip-searched them and forwarded the fabricated information to the DA's office.

38. The DA's office realizing the untrustworthiness of the charges against plaintiffs in both incidents, declined to prosecute.

39. The false fabricated charge denied plaintiffs the right to a fair trial or a hearing.

40. As a result of defendants' conduct, plaintiffs suffered constitutional injuries.

### AS AND FOR A FOURTH CAUSE OF ACTION
(*Monell*/Municipal and Supervisory Liability)

41. Plaintiffs repeat, reiterate, and reallege each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

42. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

43. The aforementioned customs, usages, and practices of the City and Police Department included, but were not limited to, arresting, assaulting individuals suspected of crimes without due process. In addition, the City and Police Department engaged in a custom or practice of inadequate screening, hiring, retaining, training, disciplining and supervising its employees, which was the moving force behind the violation of Plaintiffs' rights as described herein.

44. In addition, the Defendant's superior officers whose duty it was to review and screen all warrants and arrests for propriety upon presentation by the officer seeking a warrant or to make an arrest routinely ratified such warrants and arrests without questioning the facts underlying same.

45. Furthermore, the individual defendants have a practice and custom of ignoring the mandates of the patrol guide, which requires them to prepare several forms before, and after the execution of search warrants and in incidents where individuals are injured or property destroyed. As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants, Defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein

46. Furthermore, individual defendants from the Manhattan North Narcotics Bureau and the 34th precinct routinely conduct raids on apartment with faulty search warrants. These warrants are based on false information from alleged confidential informants. However, defendants turn a blind eye to this false information and continue arresting individuals without probable cause.

47. In addition, defendants routinely file false charges against innocent individuals to justify their need and execution of search warrants.

48. The foregoing customs and practices have resulted in multiple judgments against the City involving similar facts and finding of Monell liability. The foregoing were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiffs as alleged herein.

## AS AND FOR A FIFTH CAUSE OF ACTION
(42 U.S.C. 1981)

49. Plaintiffs repeat, reiterate, and reallege each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

50. Defendants targeted Plaintiffs and falsely accused them of crimes because of their race, ethnicity and color.

51. Defendants intentionally discriminated against plaintiffs and in so doing denied that the full and equal benefits and equal protection under the laws.

52. As a result of these actions, Plaintiffs suffered injuries.

**WHEREFORE**, the Plaintiffs request that this Court:

a. Award compensatory damages to each Plaintiff against the Defendants, jointly and severally, in the amount of ONE HUNDRED THOUSAND DOLLARS for each cause of action;

b. Award the costs of this action to the Plaintiff.

c. Award reasonable attorneys fees to the Plaintiff under 42 U.S.C. Section 1988 and/or any other applicable laws.

d. Award punitive damages in an amount determined by the jury; exceeding the jurisdictional limits of all lower courts.

e. Award such other and further relief as this Court may deem appropriate.

Dated: New York, New York
August 31, 2015

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By:
Vik Pawar (VP9101)
*Attorneys for Plaintiff*